Albert J. Sullivan, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket Nos. 29063, 33742.   Promulgated July 17, 1929.

*John B. Peery, C. P. A.,* for the petitioner.
*O. J. Tall, Esq.,* for the respondent.

## OPINION.

ARUNDELL: The petitioner is not only contending that he did not receive payment of any of the interest, amounting to $4,934.41 in 1923, $11,966.31 in 1924 and $12,479.74 in 1925, but that the financial condition of the Sullivan-Smythfield Co. during the taxable years was such that the amounts credited to his account on the corporate books for interest could not have been withdrawn without violating the agreement under which the principal was advanced.

The personal account of the petitioner on the corporate books contained credits for cash advances, salary, interest and miscellaneous items, and charges for withdrawals. Withdrawals were made from·

time to time by the petitioner without regard to the character of the credits entered in the account. During the year 1923 the charges made in the account exceeded the credits by $5,332.26, and in the year 1925 the debits were $7,858.87 more than the credits.

The respondent argues that if the petitioner did not actually receive the interest during the taxable years, the amounts were available to him and should be included in his income as being constructively received.

The doctrine of constructive receipt is, as we said in *John B. Brander*, 3 B. T. A. 231, only to be applied in those cases where the facts clearly justify it. The circumstances here, in our opinion, warrant an application of the principle.

The sums were advanced upon condition that neither the principal nor the interest thereon would be withdrawn unless it could be done without embarrassment to the corporation. The petitioner's construction of the understanding had with the debtor's board of directors is, using his language, "If we had made a profit in the successive years then that interest could have been withdrawn from the profit." That the debtor corporation did make a profit in its business during each of the fiscal years ending in 1923, 1924, 1925, and 1926, and that the profits were large enough to pay the comparatively small amounts in dispute, is evident from the balance sheets introduced in evidence. At the close of each of the fiscal years the corporation's current assets exceeded its liabilities by about $1,000,000; its cash balance was never less than $127,000 in round figures; it paid dividends each year except 1926; it set up a reserve each year for the payment of Federal income tax, and it always had a surplus. Charles B. Bowden, the corporation's president and one of its directors, testified to the effect that the directors were of the opinion that the stockholders were entitled to receive dividends on their stock and that the petitioner was willing to defer collecting interest on his advances to enable the corporation to pay dividends.

The petitioner had the authority to draw the interest whenever in his opinion the finances of the corporation could be burdened with the expenditure. The petitioner, according to his interpretation of the loan agreement, was entitled to receive the interest on his advances whenever the operations of the corporation for a year showed a profit. The corporation did make a profit every year and could have paid its interest obligations to the petitioner had he elected to receive the money. "This election to give the corporation the temporary use of the money is an exercise by him of its enjoyment, and this is one of the primary attributes of income." *John B. Brander*, *supra*. The respondent's action is sustained.

*Judgment will be entered for the respondent.*